# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LEE KALLSEN,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | CASE NO: 1:21-cv-01180 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| **A.W. CHESTERTON COMPANY,** *et al.* | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Before the Court is Plaintiffs' Motion to Remand, ECF Doc. 101. For the following reasons, Plaintiff's Motion is **DENIED**.

## I. Procedural History

Plaintiff Lee Kallsen ("Mr. Kallsen") and his wife Mary Lou (collectively "Plaintiffs") filed a Complaint against various Defendants, including but not limited to ViacomCBS Inc.[1] ("Westinghouse") on December 30, 2020. ECF Doc. 1-2. Westinghouse was served with Plaintiffs' Complaint on January 11, 2021.[2] ECF Doc. 101-4. In the Complaint, Plaintiffs alleged that Mr. Kallsen was exposed "to the Defendants' asbestos and asbestos-containing materials, and said exposures directly and proximately caused him to develop mesothelioma." ECF Doc. 1-2 at 8. Westinghouse removed this matter from the Cuyahoga County Court of Common Pleas to this Court on June 14, 2021. ECF Doc. 1. Plaintiffs filed a Motion to Remand

---

[1] ViacomCBS Inc. (a Delaware corporation f/k/a CBS Corporation and f/k/a Viacom, Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation). As Plaintiffs' claims against ViacomCBS Inc. involve products sold by Westinghouse Electric Corporation, ViacomCBS Inc. is referred to as "Westinghouse" herein. ECF Doc. 102.

[2] Plaintiffs filed an amended complaint on August 5, 2021. *See* ECF Doc. 108. However, the amended complaint does not moot Plaintiffs' Motion to remand, ECF Doc. 101.

1

to State Court pursuant to 28 U.S.C. § 1447 on July 14, 2021. ECF Doc. 101. Westinghouse filed a Response to Plaintiffs' Motion to Remand (ECF Doc. 101) on July 19, 2021. ECF Doc. 102. Plaintiffs filed a reply brief on July 27, 2021. ECF Doc. 103.

**II.     Background**

Mr. Kallsen served in the U.S. Navy aboard the *U.S.S Hornet* ("Hornet"). ECF Doc. 101-1 at 3. During the course of Mr. Kallsen's lifetime, he was exposed to the Defendants' asbestos and asbestos-containing materials while working with or around asbestos and asbestos-containing materials. ECF Doc. 1-2 at 8. Plaintiffs contend that Mr. Kallsen identified the Hornet as a jobsite that exposed him to asbestos-containing products in its Complaint Brochure filed on January 4, 2021, with the years 1955 to 1959 noted as "exposure years." ECF Doc. 101-1 at 3; ECF Doc. 101-3. Further, Plaintiffs contend that it is undisputed that Westinghouse is a manufacturer of turbines used on marine vessels and that Westinghouse's turbines were present during Mr. Kallsen's dates of service. *Id*.

On May 13, 2021, one week before the scheduled commencement of Mr. Kallsen's deposition, Plaintiffs tendered a "Preliminary Product Identification Disclosure." ECF Doc. 102 at 5; ECF Doc. 102-1. The document included a list of the types of Westinghouse products which were alleged to have exposed Mr. Kallsen to asbestos, including both "turbines" and "main turbines." ECF Doc. 102-1 at 11. One week later, on May 20, 2021, Mr. Kallsen testified on the second day of his deposition that he was present when others performed unspecified repair work on the Hornet's turbines while the ship was in drydock. *See* ECF Doc. 102 at 5; *See Deposition of Lee Kallsen,* at 179:14-180:2, 201:6-203:25, and 204:12-206:2 (May 20, 2021)).

Westinghouse filed a Notice of Removal to Federal Court on June 14, 2021. ECF Doc. 1. It is Westinghouse's position that it was acting under an officer or agency of the United States

2

within the meaning of 28 U.S.C. § 1442(a)(1) when it manufactured the turbines that were used on the Hornet. ECF Doc. 101-1 at 5; ECF Doc. 101-8 at 10.  Westinghouse contends that removal was proper because Westinghouse removed the case within thirty (30) days after Plaintiffs clearly disclosed information that revealed its grounds for removal. *Id.*

**III.    Discussion**

    **A.  Standard of Review**

Pursuant to 28 U.S.C. §1441(a), generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

The procedure for removal of civil actions is governed by 28 U.S.C. §1446, which provides in relevant part as follows:

> **(b) Requirements; generally.**
> **(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*. "As a court of limited jurisdiction, a district court is required to remand any case where federal subject matter jurisdiction is lacking." *Columbus Equip. Co. v. RKJ Enters., LLC*, No. 5:14-cv-2389, 2015 U.S. Dist. LEXIS 111684 (N.D. Ohio Aug. 24, 2015); *See* 28 U.S.C. §1447(c). The

defendant bears the burden of establishing that removal is proper. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000).

### B. Whether Westinghouse's Notice of Removal was Timely

Here, Plaintiffs argue that Westinghouse's removal was untimely. The basis for Plaintiffs' position is that "Westinghouse knew, or was able to ascertain, that it possessed the government contractor defense," well before Westinghouse filed its Notice of Removal on June 14, 2021. ECF Doc. 101-1 at 2. The Court disagrees.

Westinghouse received Plaintiffs' Complaint on January 11, 2021 and did not file its Notice of Removal until June 14, 2021, thus outside of the 30-day limitation contained in 28 U.S.C § 1446(b)(1). However, upon receiving Plaintiffs' Complaint and the initial discovery exchange, the Court is not persuaded that Westinghouse could reasonably ascertain that the case was removable. As stated above, Plaintiffs alleged in their Complaint that Mr. Kallsen was exposed to "Defendants' asbestos-containing materials." ECF Doc. 1-2 at 7-8. Additionally, Westinghouse received information identifying the Hornet as a known job site and was provided the verified years of Mr. Kallsen's service aboard the Hornet through an exchange of case discovery.

The Complaint and Complaint Brochure that Plaintiffs provided to Westinghouse were ambiguous as it relates to Westinghouse's products being the source of Mr. Kallsen's asbestos exposure. In its Complaint, Plaintiffs vaguely stated that "[Mr.Kallsen] was exposed to the Defendants' asbestos and asbestos-containing materials, by virtue of working with or around asbestos and asbestos-containing materials, and said exposures directly and proximately caused him to develop mesothelioma," but failed to identify the specific source (Westinghouse) of the "asbestos-containing material." ECF Doc. 1-2 at 7-8. (emphasis added). While the Complaint Brochure filed on January 4, 2021 indicated Mr. Kallsen's "work history," which stated that he

served in the Navy on the Hornet and that he also had worked at a variety of land-based, industrial sites, none of the worksites, Navy or non-Navy, explicitly claimed to be asbestos exposure sites. ECF Doc. 101-3. Plaintiffs simply stated that "[Mr. Kallsen] was exposed to asbestos containing products at <u>some</u> of the job sites listed above." *Id*. (emphasis added). Plaintiffs failed to name a particular type of Westinghouse product as a purported source of Mr. Kallsen's asbestos exposure, or any indication that a Westinghouse-related exposure occurred on the Hornet as opposed to one of Mr. Kallsen's other worksites listed in the Complaint Brochure. ECF Doc. 101 at Ex. 2-3.

The Court agrees with Westinghouse that its Notice of Removal was within the 30-day limitation after two possible points in time: Plaintiffs' Preliminary Product Identification Disclosure on May 13, 2021 and Mr. Kallsen's Deposition on May 20, 2021. Plaintiffs' Preliminary Product Identification Disclosure sent to Westinghouse on May 13, 2021, identifying the types of Westinghouse products which were alleged to have exposed Mr. Kallsen to asbestos, including both "turbines" and "main turbines," triggered the 30-day removal period. Plaintiffs' Preliminary Product Identification Disclosure provided a clear and unequivocal notice of a removable claim as it directly named which Westinghouse products exposed Mr. Kallsen to asbestos. Mr. Kallsen's deposition taken on May 20, 2021, revealed the site of Mr. Kallsen's alleged exposure to Westinghouse-related asbestos. (*May 20, 2021 Deposition of Lee Kallsen*, at 179:14-180:2, 201:6-203:25, and 204:12-206:2). No other testimony was offered during Mr. Kallsen's deposition suggesting contact of any kind with any other type of Westinghouse product at any other site. *Id*.

Westinghouse has correctly pointed out that the running of the removal period was tolled until Plaintiffs furnished Westinghouse with a document that makes it ascertainable that the case is removable (i.e., stating that Mr. Kallsen was exposed to Westinghouse-associated asbestos on

the Hornet.). ECF Doc. 102 at 2. A defendant is not required to independently determine removability. *See* 28 U.S.C. §1446(b)(3). Rather, the removal period is triggered after a defendant receives a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. *Id*.

After receiving Plaintiffs' Preliminary Product Identification Disclosure and taking Mr. Kallsen's deposition, the Court finds that Westinghouse could unequivocally ascertain that the case was removable and the removal period started no earlier than May 13, 2021 pursuant to 28 U.S.C § 1446(b)(3). As such, Westinghouse's Notice of Removal filed on June 14, 2021 was timely under 28 U.S.C § 1446(b)(3). *See Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) ("The 30-day period in § 1446(b)(1) starts to run only if the initial pleading contains solid and unambiguous information that the case is removable.").

**IV.   Conclusion**

For the reasons stated above, Plaintiffs' Motion to Remand to State Court (ECF Doc. 101) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster August 13, 2021*
**Dan Aaron Polster**
**United States District Judge**